IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIRK ROMERO, Individually and on Behalf of All Similarly Situated Parties, | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. H-11-3373 |
| JOSE AGUSTIN FUNES, Individually and d/b/a HOUSTON COUNTIES PATROL, | § § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dirk Romero brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Pending before the court is Defendant Jose Agustin Funes' Motion for Summary Judgment ("Motion for Summary Judgment") (Docket Entry No. 18). For the reasons explained below, the court will grant the motion.

**I.   Background**

Funes, doing business as Houston Counties Patrol, provides security guard services to various businesses in Houston, Texas.[1] From 2007 to 2011 Romero was employed by Funes as a security guard,

---

[1] Sworn Declaration of Jose Agustin Funes ("Funes Declaration"), Ex. 1 to Motion for Summary Judgment, Docket Entry No. 18-1.

earning wages at an hourly rate.[2] Romero alleges that he was paid at the same hourly rate for all hours worked up to and in excess of forty each week.[3]

Romero filed his collective action complaint on September 15, 2011, asserting a claim that Funes failed to pay overtime wages in violation of the FLSA, 29 U.S.C. § 207(a)(1).[4] Romero alleges that he "consistently worked 49 hours per week" but was never paid the required overtime premium for hours worked in excess of forty.[5] Romero seeks to recover all unpaid wages, overtime compensation, and liquidated damages for time worked in excess of forty hours per week for the three-year period preceding the filing of the suit.[6]

Funes moved for summary judgment on August 28, 2012, arguing that Romero is not protected by the FLSA's overtime provisions.[7] Funes contends that the overtime provisions do not apply because (1) Romero was not personally engaged in commerce while working as a security guard and (2) Funes does not constitute an enterprise

---

[2] Declaration of Dirk Romero ("Romero Declaration"), Ex. D to Plaintiff's Response to Motion for Summary Judgment ("Response"), Docket Entry No. 24-3; Oral Deposition of Jose Agustin Funes ("Funes Deposition"), Docket Entry No. 25, p. 19.

[3] Romero Declaration, Ex. D to Response, Docket Entry No. 24-3.

[4] Plaintiff's Original Collective Action Complaint ("Complaint"), Docket Entry No. 1.

[5] Id. ¶ 4.

[6] Id. ¶ 21.

[7] Motion for Summary Judgment, Docket Entry No. 18, pp. 7-9.

engaged in commerce.[8] Funes therefore argues that he is entitled to judgment as a matter of law. Romero responded on November 13, 2012, arguing that fact issues exist as to whether Funes constitutes an enterprise engaged in commerce.[9] Funes replied on November 27, 2012.[10]

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." Lincoln Gen. Ins. Co. v. Reyna, 401 F.3d 347, 349 (5th Cir. 2005). Where, as here, the nonmoving party bears the burden of proof at trial, the movant may satisfy its burden by "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2554 (1986). Rule 56 does not require the moving party to negate the elements of the nonmovant's case. Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

---

[8]Id.

[9]Response, Docket Entry No. 24, ¶¶ 6-8.

[10]Defendants' Reply to Plaintiff's Response to Motion for Summary Judgment ("Reply"), Docket Entry No. 27.

Once the movant has carried this burden, the nonmovant must show that specific facts exist over which there is a genuine issue for trial. Reyna, 401 F.3d at 349 (citing Celotex, 106 S. Ct. at 2553-54). The nonmovant may not rest upon mere allegations in the pleadings to make such a showing. Reyna, 401 F.3d at 350. To create a genuine fact issue, more than some "metaphysical doubt as to the material facts" is required. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

The parties may support the existence or nonexistence of a genuine fact issue by either (1) citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, admissions, and interrogatory answers, or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)-(B). In reviewing this evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000). But when a party chooses not to respond to part of a summary judgment motion, the court may accept as undisputed the facts the movant provides in support of its motion. Eversley v. MBank Dallas, 843 F.2d 172, 173-74 (5th Cir. 1988).

### III. Analysis

#### A. Overtime Provisions

The FLSA's overtime provisions protect employees who fall under either of two types of coverage: (1) "individual coverage," which covers employees "engaged in commerce[11] or in the production of goods for commerce," or (2) "enterprise coverage," which covers employees who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1); see Martin v. Bedell, 955 F.2d 1029, 1032 (5th Cir. 1992) ("*Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

An employee qualifies for "individual coverage" under § 207 only if the employee's work is "'so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" Sobrinio, 474 F.3d at 829 (quoting Mitchell v. H.B. Zachry Co., 80 S. Ct. 739, 747 (1960)); see also McLeod v. Threlkeld, 63 S. Ct. 1248, 1252 ("The test under [the FLSA], to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of

---

[11]The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

it."). The employee's work must be "entwined with a continuous stream of interstate commerce." Marshall v. Victoria Transp. Co., Inc., 603 F.2d 1122, 1125 (5th Cir. 1979).

An employee not individually engaged in commerce may still be protected under § 207 if the employer qualifies as an "enterprise engaged in commerce or in the production of goods for commerce." See 29 U.S.C. § 207(a)(1). That term is defined as an enterprise that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

29 U.S.C. § 203(s)(1)(A). Enterprise coverage, therefore, only applies when the employer has two or more employees engaged in commerce and has gross annual revenue of $500,000 or more.

If an employee falls under either type of coverage, the employer is required to pay the employee at one and one-half times the regular rate for all hours worked in excess of forty each week. 29 U.S.C. § 207(a)(1). The plaintiff bears the burden of proving at trial that he is entitled to protection under the FLSA. Sobrinio, 474 F.3d at 829.

### B. Motion for Summary Judgment

In his Motion for Summary Judgment Funes argues that Romero is not protected by the FLSA's overtime provisions because neither

-6-

"individual coverage" nor "enterprise coverage" is applicable.[12] In his Response Romero argues that a genuine issue of material fact exists as to whether Funes satisfies the $500,000 threshold and, therefore, whether "enterprise coverage" applies.[13] Funes points out in his Reply that Romero does not offer any evidence in his Response that Funes was an enterprise or that Romero individually was engaged in commerce.[14]

Romero bears the burden of proving that he is entitled to protection under § 207. See Sobrinio, 474 F.3d at 829. Funes can therefore meet his burden by pointing out that there is an absence of evidence to prove either type of coverage. The burden then shifts to Romero to show that specific facts exist over which there is a genuine issue for trial.

Funes meets his initial burden to show that Romero does not fall under an "individual coverage" theory by pointing out the absence of any evidence showing that Romero was individually engaged in commerce.[15] In his Response Romero does not attempt to argue that a fact issue exists. Moreover, neither the Romero Declaration[16] nor the Funes Deposition,[17] both of which were attached

---

[12] Motion for Summary Judgment, Docket Entry No. 18, pp. 7-9.

[13] Response, Docket Entry No. 24, ¶¶ 6-8.

[14] Reply, Docket Entry No. 27, pp. 3-4.

[15] Motion for Summary Judgment, Docket Entry No. 18, p. 7.

[16] Romero Declaration, Ex. D to Response, Docket Entry No. 24-3.

[17] Funes Deposition, Docket Entry No. 25.

to Romero's Response and describe Romero's employment as a security guard, provides any evidence that Romero was engaged in commerce while working for Funes. Drawing all reasonable inferences in favor of Romero, there is no evidence to show that Romero's work as a security guard "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce." See Sobrinio, 474 F.3d at 829. The court therefore concludes that Romero was not protected under an "individual coverage" theory.

Funes also meets his initial burden to show that Romero does not fall under an "enterprise coverage" theory. Funes points out that Romero cannot satisfy an essential element of his claim because there is no evidence that two or more of Funes' employees are engaged in commerce or in the production of goods for commerce. Funes also provides evidence that none of his employees handles goods or materials that are moved in interstate commerce, and that he has never had gross annual revenue equal to or greater than $500,000.[18] Romero disputes whether Funes' gross annual revenue exceeds $500,000,[19] but does not offer any evidence to show that Funes had two or more employees engaged in commerce.[20] To take advantage of "enterprise coverage" a plaintiff must prove both the

---

[18]Funes Declaration, Ex. 1 to Motion for Summary Judgment, Docket Entry No. 18-1.

[19]Response, Docket Entry No. 24, ¶¶ 6-8.

[20]Romero's allegation in the Complaint that "Funes was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce," see Complaint, Docket Entry No. 1, ¶ 2, is insufficient to survive summary judgment. See Reyna, 401 F.3d at 350.

revenue element and the "engaged in commerce" element. See 29 U.S.C. § 203(s)(1)(A). Regardless of whether a fact issue exists as to Funes' gross annual revenue, there is no evidence to show that Funes had "employees engaged in commerce or in the production of goods for commerce," or "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i). The court therefore concludes that Romero does not fall under "enterprise coverage."

## IV. Conclusion and Order

The court concludes that Funes has met his burden to show that there is an absence of evidence to support Romero's case. Romero has offered no evidence that he was individually engaged in commerce or that Funes had employees engaged in commerce. The court therefore concludes that Romero does not fall under either "individual coverage" or "enterprise coverage." Funes is entitled to judgment as a matter of law. The Motion for Summary Judgment (Docket Entry No. 18) is therefore **GRANTED.**

Because the court has granted Defendant's Motion for Summary Judgment, Romero's Opposed Motion for Conditional Class Certification and Notice (Docket Entry No. 11) is **DENIED.**

**SIGNED** at Houston, Texas, on this 21st day of February, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE